UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

LARRY DARNELL JONES,

              Plaintiff,          Civil Action No. 15-12063
                                       Honorable Arthur J. Tarnow
v.                              Magistrate Judge Elizabeth A. Stafford

BENNY N. NAPOLEON, et al.,

              Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY [R. 11] AND MOTION TO APPOINT COUNSEL [R. 12]

On June 5, 2015, plaintiff Larry Jones, a state prisoner proceeding *pro se,* filed this suit under 42 U.S.C. § 1983, alleging Wayne County Sheriff Benny N. Napoleon and three medical providers at Wayne County Jail were deliberately indifferent to his serious medical needs by failing to provide him medicated eye drops to treat his glaucoma. [R. 1]. The Honorable Arthur J. Tarnow referred the case to the undersigned to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Before the Court is Jones's motion for discovery [R. 11] and motion to appoint counsel [R. 12]. For the following reasons, both motions are **DENIED WITHOUT PREJUDICE**.

In his motion for discovery, Jones lists discovery requests and asks

the Court to order Defendants to respond to those requests within 30 days. [R. 11].  This motion is improper.  The Federal Rules of Civil Procedure permit parties to request discovery from one another, and to only file a motion with the court to compel discovery if the request were not satisfied. Fed. R. Civ. P. 26-37.  Additionally, discovery requests may not be filed with the Court until they are used in the proceeding.  Fed. R. Civ. P. 5(d)(1).  *Pro se* litigants are not exempt from the procedural rules in civil litigation.  *McNeil v. United States*, 508 U.S. 106, 113 (1993).  Since Jones has not yet served his discovery requests on Defendants, and since Defendants have not failed to comply with a properly served discovery request, the Court will not entertain Jones's motion for discovery.

Jones further requests appointed counsel because he cannot afford to hire one, he has limited knowledge of the law, the case involves complex issues, and the prison limits the hours he can access the library.  [R. 12, PgID 53].

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  Appointment of counsel under § 1915(e)(1) is not a constitutional right in a civil action; a district court is vested with broad discretion to determine whether "exceptional circumstances" warrant such an appointment.

2

*Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993).  In making this determination, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the legal and factual issues, and whether the claims are frivolous or have a small likelihood of success.  *Id.* Appointment of counsel pursuant to § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007).

Considering the relevant factors, the Court finds that Jones does not show exceptional circumstances that merit the appointment of counsel at this juncture.  The factual issues in Jones's complaint are relatively straightforward, and the legal issues raised in his Eighth Amendment deliberate indifference claim are not overly complex.  Further, Jones's blanket assertions regarding his limited knowledge of the law, inability to afford counsel, and limited access to the prison library do not constitute exceptional circumstances justifying appointment of counsel, as the same is true for the majority of *pro se* prisoner litigants.  The Court will not appoint counsel at this time.

Jones's motion for discovery [R. 11] and motion to appoint counsel [R. 12] are **DENIED WITHOUT PREJUDICE**.

**IT IS ORDERED**.

3

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 2, 2015


## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which

provides a period of fourteen (14) days from the date of receipt of a copy of

this order within which to file objections for consideration by the district

judge under 28 U.S. C. §636(b)(1).  Unless ordered otherwise by the Court,

the filing of an appeal to the District Judge does not stay the parties'

obligations in this Order.  *See* E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served
upon counsel of record and any unrepresented parties via the Court's ECF
System to their respective email or First Class U.S. mail addresses
disclosed on the Notice of Electronic Filing on September 2, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager